BOYKIN<br>v.<br>HOLDEN.

There is in the record an affidavit of *Boykin*, and a bill of exceptions to the opinion of the district judge, refusing to admit it in evidence. It does not appear from the bill of exceptions that the document was offered at the trial of the cause; and there are other circumstances of irregularity, which make it questionable, at least, whether the bill of exceptions should be noticed. But it is sufficient to say, that the affidavit referred to in the bill is loose and unsatisfactory. It does not say in what cause, or on what occasion it was that the attorney at law had represented him without his authority.

The judgment of the district court is therefore affirmed, with costs.

## A. S. McComas *v.* A. M. Green and Husband.

A married woman cannot renounce prescription when once acquired without the authorization of her husband. C. C. 3425.

APPEAL from the District Court of Concordia, *Selby*, J. *Stacey* and *Sparrow*, for plaintiff. *R. N. Ogden*, for defendants. The judgment of the court was pronounced by

Rost, J. On the 8th of January, 1848, the defendant, *Amanda M. Green*, who has been a married woman since 1839, subscribed the following note: "On the first day of January next, I promise to pay to *Alexander Thompson*, or order, the sum of seven hundred dollars; this sum being due to him for services as overseer for my benefit for the year 1841. (Signed) A. M. GREEN." This note was transferred by endorsement to the plaintiff, who now seeks to recover the amount of it from the maker. The husband of the defendant has been made a party defendant for the regularity of the proceeding.

The defence is, that *Thompson* had been fully paid for his services as overseer, and that the note was given without consideration. That the services of *Thompson* did not inure to the benefit of the defendant; and that her acknowledgment that they did, having been made without the authorization of her husband, is not binding upon her. That the action of *Thompson* for his services as overseer for the year 1841 was barred by prescription at the close of the year 1844, and that the defendant could not, without the authorization of her husband, renounce the prescription acquired and enter into a new obligation for the same debt.

The jury before whom the case was tried, influenced by the strong equity of the plaintiff's claim, rendered a verdict in his favor; and the case is before us on the appeal of the defendant from the judgment rendered on this verdict. During the trial, the defendant took a bill of exceptions to the opinion of the judge admitting *Laughlin* as a witness. It was ascertained in the examination of this witness that he had a direct interest in the event of the suit. He was therefore incompetent, and his testimony should have been withheld from the jury. The judge admitted it, under the impression that it proved nothing more than the consideration expressed on the face of the note. As the truth of the consideration was put at issue, *Laughlin* was incompetent to prove it. But besides proving the consideration, he went on to say that the note sued upon had been given in renewal of another. This fact had a most important bearing on the question of prescription. It has been urged that the note was received by the plaintiff before maturity and in the usual course of business, and that he

McComas
*v.*
Green.

cannot be affected by the want of authority of the defendant. The record does not show when the note was transferred to the plaintiff. But if the facts should be as stated by her, this ground of defence would be untenable. Parties are presumed to know the situation of those whose paper they take. The plaintiff knew the maker of the note to be a married woman. This knowledge was sufficient to put prudent men upon inquiry whether it had been subscribed in a case in which the authority of the husband might be dispensed with. *DeGaalon* v. *Matherne,* 5th Ann. 495.

Had the note been given before the action of *Thompson* for his wages was barred by prescription, the principle upon which the case of *Dickinson et al* v. *Reagan* was decided might perhaps have been successfully invoked. 2d Ann. 440. But under art. 3503, C. C., the plaintiff's action had been prescribed nearly four years when the note sued upon was given; and the most important question in the case is, whether the defendant could, without the authorization of her husband, renounce the prescription thus acquired, and enter into a new obligation to pay the prescribed debt. To be capable of renouncing prescription when once acquired, one must be capable of alienating his property. C. C. 3425. And as the defendant could not, without authorization, alienate her property, it necessarily follows that the renunciation is not binding upon her, and that she may still avail herself of the plea of prescription. That plea is decisive of the case. However discreditable the case may be, it is valid in law, and we must sustain it.

It is therefore ordered, that the judgment in this case be reversed; and that there be judgment in favor of the defendant, with costs in both courts.